UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED

2019 APR 16 P 1: 42

U.S. DISTRICT COURT
EASTERN DIST. TENN.

_____DEPT. CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:19-CR-60 |
| v. | ) |
| | ) JUDGES Varlan \ Poplin |
| HENRY BABENCO, | ) |
| SHARON NAYLOR, | ) |
| ALICIA TAYLOR, and | ) |
| GREGORY MADRON. | ) |

## INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. The Controlled Substances Act, 21 U.S.C. § 801 *et seq.* ("CSA"), governed the manufacture, distribution, and dispensing of various medications in the United States.

2. The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances" and further assigns each drug or substance to one of five schedules (Schedule I-V), depending on the drug or substance's potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. Schedule II drugs contain, among other drugs, those commonly referred to as "opioids," generally known as Oxycodone, Oxymorphone, and Morphine Sulfate. These drugs are highly addictive prescription painkillers, which may lead to severe psychological or physical dependence, overdose or death. These drugs are also routinely "diverted" for non-legitimate

1

medical purposes and are often sold to, and sought by, individuals seeking a euphoric feeling or "high" from the drug.

4. Medical professionals registered with the Attorney General are authorized under the CSA to write prescriptions for, or to otherwise distribute and dispense, controlled substances, as long as they comply with requirements under their registration. 21 U.S.C. § 822(b). Such medical professionals are then assigned a registration number with the DEA.

5. To comply with the terms of their registration, medical professionals cannot distribute and dispense a prescription for a controlled substance unless it is "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a).

## RELEVANT ENTITY AND DEFENDANTS

6. Lafollette Wellness Center ("LWC"), formerly located at 2212 Jacksboro Pike, Lafollette, TN 37766, was a purported pain management clinic.

7. **HENRY BABENCO** was a physician licensed in the State of Tennessee and the supervising physician at LWC. **HENRY BABENCO** maintained a DEA Registration Number and prescribed controlled substances to patients at LWC.

8. **SHARON NAYLOR** was an Advanced Practice Registered Nurse licensed in the State of Tennessee and owner of LWC.

9. **ALICIA TAYLOR** was a Physician's Assistant licensed in the State of Tennessee and worked at LWC under the purported supervision of **HENRY BABENCO. ALICIA TAYLOR** maintained a DEA Registration Number and prescribed controlled substances to patients at LWC.

10. **GREGORY MADRON** was the manager of LWC.

2

## COUNT ONE

### (Conspiracy to Distribute and Dispense Controlled Substances - 21 U.S.C. §§ 846, 841)

11. Paragraphs 1 through 10 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

12. From in or around May 2016 through in or around December 2018, the exact dates being unknown to the Grand Jury, in the Eastern District of Tennessee, and elsewhere, Defendants, **HENRY BABENCO, SHARON NAYLOR, ALICIA TAYLOR**, and **GREGORY MADRON,** knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly, intentionally, and without authority distribute and dispense, and cause to be distributed and dispensed, mixtures and substances containing a detectable amount of controlled substances, including Oxycodone, Oxymorphone, and Morphine Sulfate, Schedule II controlled substances, outside the usual course of professional practice and not for a legitimate medical purpose.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(a)(1)(C).

## COUNTS TWO – EIGHT

### (Distributing and Dispensing Controlled Substances - 21 U.S.C. § 841 and 18 U.S.C. § 2)

13. Paragraphs 1 through 10 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

14. The Grand Jury further charges that on or about the dates specified below, in the Eastern District of Tennessee, Defendants, **HENRY BABENCO, SHARON NAYLOR,** and **ALICIA TAYLOR,** did knowingly, intentionally, and without authority distribute and dispense,

3

outside the usual course of professional practice and not for a legitimate medical purpose, the controlled substances alleged below:

| Count | On or about date of Prescription | Controlled Substance[s] | Schedule | "Patient" |
|---|---|---|---|---|
| 2 | June 26, 2017 | Morphine, Oxycodone | II | L.A. |
| 3 | August 7, 2017 | Morphine, Oxycodone | II | L.A. |
| 4 | September 5, 2017 | Oxycodone | II | N.G. |
| 5 | October 23, 2017 | Oxycodone, Oxymorphone | II | J.C. |
| 6 | December 19, 2017 | Oxycodone, Oxymorphone | II | J.C. |
| 7 | December 27, 2017 | Oxycodone, Oxymorphone | II | E.R. |
| 8 | March 28, 2018 | Oxycodone, Oxymorphone | II | C.B. |

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## DRUG TRAFFICKING FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 846 and/or 841, Defendants, **HENRY BABENCO**, **SHARON NAYLOR**, **ALICIA TAYLOR**, and **GREGORY MADRON**, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. The property to be forfeited includes but is not limited to the following:

### Money Judgment

Proceeds in the amount the defendants, **HENRY BABENCO, SHARON NAYLOR, ALICIA TAYLOR,** and **GREGORY MADRON,** personally obtained as a result of the violations of Title 21, United States Code, Sections 841 and/or 846 from the illegal distribution of Schedule II controlled substances.

If, as the result of any act or omission of Defendants, **HENRY BABENCO, SHARON**

4

NAYLOR, ALICIA TAYLOR, and GREGORY MADRON, any of the property described above, (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to or deposited with a third party; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, Defendants shall forfeit any other property of Defendants up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

All in violation of Title 21, United States Code, Sections 846, 841, and 853.

## COUNT NINE

### (Money Laundering - 18 U.S.C. §§ 1957, 2)

The Grand Jury further charges than on or about December 19, 2017, in the Eastern District of Tennessee, and elsewhere, Defendant, **SHARON NAYLOR**, knowingly engaged, and attempted to engage, in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal, deposit, and transfer of $85,000 from First Volunteer Bank account ending in 7713, via check for the purchase of property, such funds having been derived from a specified unlawful activity, that is conspiracy to violate the federal drug laws, as alleged in Count One.

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT TEN

### (Money Laundering - 18 U.S.C. §§ 1957)

The Grand Jury further charges that on or about October 10, 2018, in the Eastern District of Tennessee, and elsewhere, Defendant, **HENRY BABENCO**, knowingly engaged, and attempted to engage, in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal, deposit, and transfer of funds from

5

Case 3:19-cr-00060-TAV-DCP Document 1 Filed 04/16/19 Page 5 of 6 PageID #: 5

Paducah Bank account ending in 2098, to Paducah Savings Account ending in 3948, in the amount of $35,000, such property having been derived from a specified unlawful activity, that is conspiracy to violate the federal drug laws, as alleged in Count One.

All in violation of Title 18, United States Code, Sections 1957.

**SIGNATURE REDACTED**

APPROVED:

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

By: _____
ANNE-MARIE SVOLTO
ASSISTANT UNITED STATES ATTORNEY


JOSEPH BEEMSTERBOER
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION

By: _____
SCOTT ARMSTRONG
United States Department of Justice
Criminal Division, Fraud Section
Director, Health Care Fraud