IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-60-TAV-DCP |
| SHARON NAYLOR, and | ) | |
| GREGORY MADRON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendants' Joint Motion to Continue Trial and Other Deadlines [Doc. 68], filed on October 12, 2021. Defendant asks the Court to continue the November 30, 2021 trial date because counsel need additional time to prepare the case for trial due to the voluminous discovery, the complex nature of the case, and the time demand of counsels' other existing clients. The motion relates that the Court has previously declared [Doc. 22] this case complex for Speedy Trial Act purposes and that the Government does not oppose the requested continuance. The motion states that the parties have conferred with United States District Judge Thomas A. Varlan's chambers and have agreed, subject to the Court's continued approval, to reschedule the trial of this matter to May 10, 2022.

The Court finds Defendants' Joint Motion to Continue Trial and Other Deadlines [Doc. 68] is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel need additional time to review discovery and prepare the case for trial. Additionally, this Court

has already determined that this case is complex.  Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Joint Motion to Continue Trial and Other Deadlines [**Doc. 68**] is **GRANTED**.  The trial of this case is reset to **May 10, 2022**.  The Court finds that all the time between the filing of the motion on October 12, 2021, and the new trial date of May 10, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).  The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendants' Joint Motion to Continue Trial and Other Deadlines [**Doc. 68**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 10, 2022**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **October 12, 2021**, and the new trial date of **May 10, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 11, 2022**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **April 26, 2022, at 10:00 a.m.**;

(6) The deadline for filing motions *in limine* is **April 25, 2022**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **April 30, 2022.**
**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

2